# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

———————————————

No. 14-cv-1081 (RJS)

———————————————

JOAN C. LIPIN,

Plaintiff,

VERSUS

DAVID E. HUNT, *et al.*,

Defendants.

———————————————

OPINION AND ORDER
March 20, 2015

———————————————

RICHARD J. SULLIVAN, District Judge:

Plaintiff Joan C. Lipin, proceeding *pro se*, has a long and well-documented history of vexatious litigation relating to claims originating a decade ago in Maine probate court. Specifically, Plaintiff's disagreement with the probate of her father's will has triggered a seemingly never-ending stream of duplicative, unmeritorious, and barely comprehensible filings in various venues against an ever-growing ensemble of parties involved in the probate and subsequent litigation, including judges, attorneys, court clerks, and others.

As the latest installment in this saga, Plaintiff brings this action – at least the tenth case she has initiated based on these same claims – against ten Defendants, including the Clerk of Court for the United States Court of Appeals for the Second Circuit, Catherine O'Hagan Wolfe. In an Order dated September 18, 2014, the Court granted Defendant Wolfe's motion to dismiss the Complaint and issued a filing sanction against Plaintiff. (Doc. No. 107.) The Second Circuit – which, like several other courts, has an active filing sanction of its own against Plaintiff pertaining to these same claims – affirmed this Court's Order on November 26, 2014. (Doc. No. 120.)

Now before the Court are motions from all but one of the remaining Defendants – Defendant David E. Hunt has not appeared in this action – to dismiss the Complaint and for sanctions. (Doc. Nos. 32, 37, 42, 67, 72,

& 84.)  For the reasons set forth below, the Court grants Defendants' motions to dismiss with prejudice and denies the motions for sanctions.  The Court also dismisses *sua sponte* Plaintiff's claims against Defendant Hunt with prejudice.

## I.  BACKGROUND

Plaintiff's notorious record of vexatious litigation against anyone even tangentially connected to the administration of her late father's estate has been recounted many times before and does not need to be chronicled at length here.[1]  As Judge Holwell noted back in 2008, "[f]or several years, [Plaintiff] has unsuccessfully asserted title to certain assets claimed by [her father's] estate, including an antique coin collection stored in Denmark and real property located at . . . Hio Ridge Shores South, Bridgton, Maine (the 'Moose Pond Property')."  *Lipin v. Sawyer*, 2009 WL 2432633, at *1.  Specifically, Judge Holwell continued, Plaintiff "has asserted ownership to the coin collection and Moose Pond Property in at least eight actions.  No court has ever found that [P]laintiff has any rights to the coin collection or the Moose Pond Property."  *Id.*  Plaintiff, who claims to be a law school graduate (*see* Compl. ¶ 157), has unsuccessfully and repeatedly litigated these claims in state, federal, and Swedish courts.  *Lipin v. Sawyer*, 2009 WL 2432633, at *1.  Moreover, even a brief review of Plaintiff's filings reveals that they are not vehicles for recovery, but rather are designed to harass defendants and the courts.  Furthermore, Plaintiff's alarming record of sanctionable, litigious conduct is not limited to matters concerning her father's estate.[2]

---

[1] *See, e.g.*, *Lipin v. Danske Bank, et al.*, Nos. 13-cv-4541, 13-4355 (S.D.N.Y. Sept. 4, 2013), *aff'd*, Nos. 13-3753, 13-3811 (2d Cir. Dec. 17, 2013) (stating that Plaintiff's "filings do not represent a departure from [Plaintiff's] pattern of vexatious litigation"); *Lipin v. Sawyer*, No. 09-cv-2422, 2009 WL 2432633 (S.D.N.Y. Aug. 7, 2009) (Holwell, J.), *vacated*, 395 F. App'x 800 (2d Cir. 2010) (summary order) (vacating on the ground that the district court's filing injunction was too broad and providing guidance as to what would constitute an appropriate filing injunction); *Lipin v. Krainan Real Estate, et al.*, No. 08-cv-7447 (S.D.N.Y. Oct. 8, 2008) (Holwell, J.), *aff'd*, Nos. 08-1514, 08-4650, 08-4875, 08-4878, 08-5040, 08-5042 (2d Cir. Jan. 8, 2009); *Lipin v. Allegaert, Berger & Vogel LLP et al.*, No. 08-cv-6994 (S.D.N.Y. Oct. 8, 2008) (Holwell, J.), *aff'd*, Nos. 08-1514, 08-4650, 08-4875, 08-4878, 08-5040, 08-5042 (2d Cir. Jan. 8, 2009); *Lipin v. Bergquist*, 574 F. Supp. 2d 423 (S.D.N.Y. 2008) (Holwell, J.), *aff'd*, Nos. 08-1514, 08-4650, 08-4875, 08-4878, 08-5040, 08-5042 (2d Cir. Jan. 8, 2009); *Lipin v. Hunt*, 573 F. Supp. 2d 836 (S.D.N.Y. 2008) (Holwell, J.), *aff'd*, Nos. 08-1514, 08-4650, 08-4875, 08-4878, 08-5040, 08-5042 (2d Cir. Jan. 8, 2009); *Lipin v. Hunt*, 538 F. Supp. 2d 590 (S.D.N.Y. 2008) (Holwell, J.), *aff'd*, Nos. 08-1514, 08-4650, 08-4875, 08-4878, 08-5040, 08-5042 (2d Cir. Jan. 8, 2009); *Lipin v. Ellis*, No. 07-92-P-S, 2007 WL 2198876 (D. Me. July 26, 2007), *report and recommendation adopted by* No. CIV. 07-92-P-S, 2007 WL 2701493, at *1 (D. Me. Sept. 10, 2007) ("Plaintiff is warned that additional groundless and vexatious filings with this Court by the Plaintiff will not be tolerated . . . ."); *Lipin v. Danske Bank*, No. 150972/2014, 2014 WL 5302246, at *6 (N.Y. Sup. Ct. Oct. 8, 2014) (dismissing all of Plaintiff's claims and entering a filing sanction against Plaintiff); *Lipin v. Estate of Theodore Lipin*, No. RE-05-145 (Me. Super. Ct. Cumberland Cnty. Oct. 23, 2007), *aff'd*, Mem. 08-68, Nos. Cum-07-673, Cum-07-697 (Me. Apr. 15, 2008); *In re Lipin*, No. 2005-1642 (Me. Prob. Ct. Cumberland Cnty. May 24, 2007) (accepting Plaintiff's father's will over Plaintiff's objection); *In re Lipin*, No. 2005-1642 (Me. Prob. Ct. Cumberland Cnty. May 23, 2007) (enjoining Plaintiff from commencing new actions in Cumberland County Probate Court without leave).

[2] For example, as Judge Holwell noted in a separate 2008 opinion:

Ms. Lipin previously filed suit against her former employer . . . asserting causes of action for sexual harassment and discrimination, wrongful termination, civil rights violations, conspiracy, conspiratorial cover-up, defamation, blacklisting, breach of contract, and intentional infliction of emotional distress.  The action was

On January 30, 2014, Plaintiff initiated this action by filing a summons and complaint ("Complaint") against ten Defendants in New York State Supreme Court, New York County, thereby

---

dismissed with prejudice after Ms. Lipin, during a pretrial proceeding, removed from the counsel table a stack of documents belonging to defendants' counsel and containing privileged material and attorney work product, made photocopies of the documents, and, with her attorney, attempted to use them as leverage in settlement negotiations. Following dismissal of her case, Ms. Lipin filed a new action in federal court, reasserting her original claims against the original defendants and adding new defendants, including the defense attorneys in the dismissed action, and new claims, including the claim that the defendants had conspired to entrap her into taking the privileged documents. When this action was stayed pending Ms. Lipin's appeal of the dismissal of her original action, she filed another federal action, in which she asserted these same claims against a combination of old and new defendants. When her federal actions were dismissed, Ms. Lipin filed a fourth action, characterized by the District Court as "another attempt to assert the claims raised and dismissed in her first three actions." The court found that Ms. Lipin had filed four complaints "asserting essentially the same claims in slightly altered guise," and that her conduct "reveals clearly that [Ms. Lipin] and her attorney cannot be depended upon to accept the results of motion practice or the dismissal of [their] claims" or to "desist from repeated attempts to relitigate previously rejected claims." The court therefore permanently enjoined Ms. Lipin and her attorney from further litigation related to her sexual harassment or termination, alleged attempts to prevent her from litigating such claims, or her misconduct before the state court.

*Lipin v. Hunt*, 573 F. Supp. at 840–41 (Holwell, J.) (footnotes and citations omitted) (citing *Lipin v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 202 F. Supp. 2d 126, 131, 142 (S.D.N.Y. 2002) (Swain, J.)).

circumventing filing injunctions issued by both the Southern District of New York and the Second Circuit, which then applied only to future litigation filed in *federal* courts. *See In re Joan C. Lipin*, Nos. 11-147-cv, 11-213-cv, 11-1384-cv, 11-1492-cv (2d Cir. May 7, 2012) ("[T]he Clerk of the Court is hereby directed to refuse to accept any further submission from [Plaintiff] in the matters related to her deceased father's estate or estate property, or actions taken in connection with legal proceedings involving that estate or estate property, unless she first obtains leave of the Court to make such a filing."); *Lipin v. Hunt*, 573 F. Supp. 2d at 845–46 (Holwell, J.) ("[Plaintiff] is enjoined from further litigation of any claims . . . in connection with her father's estate or estate property . . . without first obtaining leave of this Court . . . .").[3]

The ten Defendants in the case at bar are: (1) Danske Bank – a bank organized under the laws of Denmark where a safe deposit box purportedly containing Plaintiff's father's antique coin collection was held; (2) Francis J. Earley – Danske Bank's counsel; (3) Ulf Bergquist – a Swedish attorney appointed by a Swedish Probate Court as executor of Plaintiff's father's estate in Sweden; (4) Bergquist

---

[3] In addition to the case at bar, Plaintiff contemporaneously filed a separate, substantially similar state complaint against seven of the same defendants, which was dismissed by the New York Supreme Court of New York County on October 8, 2014. *Lipin v. Danske Bank*, No. 150972/2014, 2014 WL 5302246. In its opinion dismissing Plaintiff's complaint, the Supreme Court also entered its own filing injunction against Plaintiff, prohibiting her from "commencing any action in the New York Supreme Court of New York County relating to . . . her deceased father's estate, or estate property or actions taken in connection with any legal proceedings involving that estate or estate property . . . ." *Id.* at *6.

Advokatbyrå AB – Bergquist's law firm; (5) Evelyn F. Ellis – Plaintiff's sister-in-law and the Special Administrator of Plaintiff's father's estate appointed by the Cumberland County Probate Court in Maine; (6) David E. Hunt – Ellis's counsel; (7) David A. Berger – counsel for some of Plaintiff's adversaries in prior litigation; (8) Allegaert Berger & Vogel LLP – Berger's law firm; (9) Mark K. Anesh – counsel for the judge who presided over the probate of Plaintiff's father's will and estate in subsequent litigation; and (10) Catherine O'Hagan Wolfe – Clerk of Court for the United States Court of Appeals for the Second Circuit.

On February 20, 2014, Defendant Wolfe removed the action to this Court (Doc. No. 2), and on February 24, 2014, Plaintiff filed a motion to remand this case to state court and for sanctions (Doc. No. 3).  In an Order dated March 10, 2014, the Court denied Plaintiff's motions.  (Doc. No. 28.)  On March 27, 2014, all but one of the Defendants moved to dismiss this action. (Doc. Nos. 32–34 (Danske Bank and Earley), 35 & 36 (Wolfe), 37, 40, & 41 (Anesh), 42, 47, & 48 (Bergquist Advokatbyrå AB, Bergquist, Ellis, Berger, and Allegaert Berger & Vogel LLP).)  Defendant Hunt has not entered an appearance or filed a motion to dismiss.  On April 17, 2014, purportedly in response to these motions, Plaintiff filed a 196-page submission entitled "Declaration of the Plaintiff in Opposition to the . . . invalid, vexatious, and illegal motions filed by the Defendants in violation of Section 487 of the New York Judiciary Law, and in further support of Plaintiff's pending motions . . . for summary remand of the litigation to the New York Supreme Court, New York County," and on May 13, 2014, Plaintiff also filed a 30-page submission entitled "Declaration of the Plaintiff in further support of her consolidated

Opposition filed on 4/7/2014, to the five vexatious motions filed by the Defendants herein, with malicious intent to deceive, to obstruct justice, and to commit a fraud upon the court concerning the invalid removal of the action from the New York Supreme Court, and in support of the Plaintiff's pending motions for the summary remand of the litigation to the New York Supreme Court, New York County" (Doc. Nos. 58 & 80 (emphasis and capitalization removed)).[4] Plaintiff has docketed several other lengthy submissions which she also claims are in opposition to Defendants' motions to dismiss.  (Doc. Nos. 59, 89–91.)  All of the Defendants except for Wolfe and Hunt submitted reply briefs.  (Doc. Nos. 65, 66, & 71.)

In addition to their motions to dismiss, all but one of the Defendants moved for sanctions against Plaintiff pursuant to Federal Rule of Civil Procedure 11.  (Doc. Nos. 67 & 68 (Danske Bank and Earley), 38, 39, 44–46 (Wolfe), 84–86 (Anesh), 72–74 (Bergquist Advokatbyrå AB, Bergquist, Ellis, Berger, and Allegaert Berger & Vogel LLP).)  On May 23 and 27, 2014, Plaintiff filed motions in opposition to Defendants' sanctions briefs.  (Doc. Nos. 88–91.)  All of the Defendants except for Wolfe and Hunt submitted reply briefs.  (Doc. Nos. 92, 93, & 101.)  Even though the two briefing schedules issued by the Court did not provide for sur-reply filings (Doc. Nos. 56 & 82), Plaintiff nonetheless submitted five sur-reply briefs (Doc. Nos. 95, 96, 98, 99, & 102).

In addition to the above-referenced filings, it is worth noting that over the course of this action, Plaintiff has docketed

---

[4] Plaintiff consistently capitalizes all of the characters in the lengthy titles of her filings.

dozens of frivolous submissions which fill thousands of pages. By way of example, such filings include: (1) an 80-page submission entitled "Plaintiff's (a) objection to the *ultra vires* order . . . by the district court judge notwithstanding Plaintiff's motion pursuant to 28 U.S.C. § 144, . . . and (b) reply to the unethical, threatening letter, signed by Defendant Attorney Anesh, with malice, and in view of his own gain, and without standing, that was received after business hours . . ." (Doc. No. 69 (capitalization removed)); (2) a 92-page submission entitled "Reply Declaration to the *ex parte* letters sent @ 2:57 p.m. on 4/24/2014, as a pattern and practice of attorney Chaudhury who colluded to steer the litigation to Hon. Richard J. Sullivan, who is subject to disqualification, as mandated in Plaintiff's motion pursuant to 28 U.S.C. § 144" (Doc. No. 70 (emphasis and capitalization removed)); (3) a 29-page submission entitled "Declaration of Plaintiff to object to continuing ex parte communications by the Defendant David A. Berger who colluded to steer unlawfully removed litigation to the Hon. Richard J. Sullivan who is mandated to proceed no further in this litigation, pursuant to 28 U.S.C. § 144, as a result of Plaintiff's pending motions . . . and request for summary remand to the New York Supreme Court" (Doc. No. 79 (capitalization removed)); and (4) a 147-page submission entitled "Declaration of Plaintiff in support of her motion to disqualify Judge Sullivan, restore the case to the calendar, vacate his orders, and to remand the litigation to the New York Supreme Court" (Doc. No. 118 (capitalization removed).).

In an Order dated September 18, 2014, the Court dismissed the Complaint with respect to Wolfe, granted Wolfe's motion to issue a filing sanction against Plaintiff, but declined to hold Plaintiff in civil contempt.

(Doc. No. 107.) In that same Order, the Court denied "as facially meritless and frivolous," "any of Plaintiff's [remaining] filings . . . docketed as motions, such as Plaintiff's 'motion to Chief Judge Preska [and] the Assignment Committee' (Doc. No. 29 (emphasis removed)) . . . ." (*Id.* at 3.) The Second Circuit – which, like several additional courts, has an active filing sanction of its own against Plaintiff pertaining to claims concerning her deceased father's estate[5] – affirmed the September 18, 2014 Order on November 26, 2014. (Doc. No. 120.)

## II. DISCUSSION

### A. Motions to Dismiss

#### 1. Legal Standard

To survive a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must "provide the grounds upon which [the] claim rests." *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007); *see also* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."). To meet this standard, plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference

---

[5] *See, e.g.*, *In re Joan C. Lipin*, Nos. 11-147-cv, 11-213-cv, 11-1384-cv, 11-1492-cv (2d Cir. May 7, 2012); *Lipin v. Hunt*, 573 F. Supp. 2d at 845–46 (Holwell, J.), *aff'd*, Nos. 08-1514, 08-4650, 08-4875, 08-4878, 08-5040, 08-5042 (2d Cir. Jan. 8, 2009); *see also Lipin v. Danske Bank*, No. 150972/2014, 2014 WL 5302246; *In re Lipin*, No. 2005-1642 (Me. Prob. Ct. Cumberland Cnty. May 23, 2007).

that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing a Rule 12(b)(6) motion to dismiss, a court must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the plaintiff. *ATSI Commc'ns*, 493 F.3d at 98. However, that tenet "is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Moreover, a court need not credit "legal conclusions, deductions or opinions couched as factual allegations." *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007) (citation and internal quotation marks omitted). Thus, a pleading that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. If the plaintiff "ha[s] not nudged [its] claims across the line from conceivable to plausible, [its] complaint must be dismissed." *Id*. at 570.[6]

2. Claims Against the Moving Defendants

At the outset, the Court notes that Plaintiff's 157-paragraph Complaint is neither "short" nor "plain." *See* Fed. R. Civ. P. 8(a)(1). In fact, large portions of the recycled allegations contained therein pertain to non-parties, are barely comprehensible, and are facially absurd. (*See, e.g.*, Compl. ¶ 38 (alleging that Ellis, Berger, Allegaert Berger & Vogel LLP, Hunt, and others were part of a conspiracy "to threaten to murder [Plaintiff]"); *id.* ¶ 39 (alleging that Hunt and another individual

broke into the Moose Pond Property in January 2009 and hung "a noose from the rafters of the [property], from which a stuffed dog was hanged in effigy and through which a large serrated kitchen knife had been thrust through the stuff[ed] dog . . ."); *id.* ¶ 72 (alleging that "the Bergquist defendants" broke into one of Plaintiff's condominium apartments in Stockholm, Sweden "in order to commit a felony therein"); *id.* ¶ 93 (alleging that had Judge Holwell not stepped down from the bench, he would have been disqualified "for violations involving the Code of Conduct for United States Judges . . . for his knowing and willful concealment of his continuing professional relations with [D]efendant Danske Bank . . . .").) As another court aptly described substantially similar allegations from Plaintiff in a separate, previously-adjudicated case, "relatively little of the 28-page Amended Complaint passes the well-pleaded-allegations screen. The Amended Complaint is replete with conclusory assertions, legal conclusions, subjective characterizations and outright vituperation." *Lipin v. Ellis*, No. 07-92-P-S, 2007 WL 2198876, at *4 n.8. Accordingly, as an initial matter, the Court finds that Plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

Nevertheless, to the extent that Plaintiff's claims are discernable, they appear to allege: (1) unlawful acts against her late father's estate's property, to which Plaintiff erroneously claims she is entitled (*see, e.g., id.* ¶¶ 43 (trespass), 67 (larceny), 75 (extortion), 107 (theft, larceny, and conversion), 116 (theft, larceny, and conversion), & 122 (trespass)); and (2) improper conduct by attorneys (*see, e.g., id.* ¶¶ 69 (forgery), 74 (false filing), & 127 (destruction of documents)). As set forth below, the Court also dismisses Plaintiff's

---

[6] In addition to Federal Rule of Civil Procedure 12(b)(6), several Defendants also moved to dismiss this case pursuant to Federal Rules of Civil Procedure 12(b)(2), (b)(3), and (b)(5). Because the Court dismisses this case pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court need not address Defendants' alternative arguments.

claims relating to her late father's estate on the grounds of *res judicata* and collateral estoppel, and dismisses Plaintiff's attorney misconduct claims in light of the litigation privilege and the absence of an attorney-client relationship between Plaintiff and any of the Defendants.

a.  Previously-adjudicated Claims

The Supreme Court has noted that under the doctrine of *res judicata*, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."  *Allen v. McCurry*, 449 U.S. 90, 94 (1980) (citation omitted).  Under the related doctrine of collateral estoppel, "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case."  *Id.* (citation omitted).  These doctrines are designed to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication."  *Id.* (citation omitted).

With respect to *res judicata*, "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy." *Giannone v. York Tape & Label, Inc.*, 548 F.3d 191, 194 (2d Cir. 2008) (per curiam) (citation and internal quotation marks omitted)).  The dismissal of a complaint with prejudice constitutes a final judgment on the merits and, thus, bars claims arising out of the same transaction or series of transactions on *res judicata* grounds.  *See* Fed. R. Civ. P. 41(b)  ("[A]  dismissal  under  this subdivision . . . operates as an adjudication

on the merits.");  *Nemaizer v. Baker*, 793 F.2d 58, 60–61 (2d Cir. 1986) ("A dismissal with prejudice has the effect of a final adjudication on the merits favorable to defendant and bars future suits brought by plaintiff upon the same cause of action. . . . Such a dismissal constitutes a final judgment with the preclusive effect of *res judicata* not only as to all matters litigated and decided by it, but as to all relevant issues which could have been but were not raised and litigated in the suit." (citations and internal quotation marks omitted)).

With respect to collateral estoppel, that doctrine "normally will bar the relitigation of an issue of law or fact that was raised, litigated, and actually decided by a judgment in a prior proceeding between the parties," as long as "the determination of that issue was essential to the judgment, regardless of whether or not the two proceedings are based on the same claim." *NLRB v. United Techs. Corp.*, 706 F.2d 1254, 1260 (2d Cir. 1983).  The doctrine of non-mutual defensive collateral estoppel "precludes a plaintiff from relitigating identical issues by merely switching adversaries."  *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 329 (1979) (citation and internal quotation marks omitted).

i.  Danske Bank

Plaintiff's claims against Danske Bank pertain to a safe deposit box owned by Plaintiff's father at Danske Bank in Denmark, the contents of which were turned over to the Swedish Administrator of his estate, Defendant Bergquist.  (*See, e.g.*, Compl. ¶ 89 (alleging "theft by . . . Danske Bank of the [P]laintiff's 'possessions' that were held in trust for Joan C. Lipin, and were *in situ*, in the very large high security safe deposit box located in Copenhagen, Denmark, on or about December 12, 2005,

when Danske Bank committed gross negligence or willful misconduct by breaking bulk, and committing larceny of the 'possessions' belonging to the plaintiff . . . .").) Plaintiff has unsuccessfully litigated these same claims – and variations thereof arising out of the same series of transactions – against Danske Bank before. For example, on February 20, 2008, Judge Holwell dismissed with prejudice a prior action against Danske Bank concerning the same circumstances surrounding the disposition of Plaintiff's father's estate and the ensuing litigation. *See Lipin v. Hunt*, 538 F. Supp. 2d 590. Judge Holwell's dismissal with prejudice constitutes a final judgment on the merits and, thus, bars Plaintiff's claims here against Danske Bank. *See* Fed. R. Civ. P. 41(b) ("[A] dismissal under this subdivision . . . operates as an adjudication on the merits."); *Nemaizer*, 793 F.2d at 60–61. Accordingly, the Court dismisses Plaintiff's claims against Danske Bank with prejudice.

## ii. Bergquist

Plaintiff's scattered claims against Bergquist – a Swedish attorney appointed by a Swedish Probate Court as executor of Plaintiff's father's estate in Sweden – also pertain to the alleged conspiracy to deprive Plaintiff of the contents of the safe deposit box. (*See, e.g.*, Compl. ¶¶ 72, 73, & 89.) Like Plaintiff's claims against Danske Bank, Plaintiff has fruitlessly pursued these same claims against Bergquist multiple times. For example, on August 28, 2008 and October 8, 2008, Judge Holwell dismissed with prejudice two prior actions against Bergquist concerning the very disposition of Plaintiff's father's estate at issue here. *See Lipin v. Bergquist*, 574 F. Supp. 2d 423; *Lipin v. Allegaert, Berger & Vogel LLP et al.*, No. 08-cv-6994 (S.D.N.Y. Oct. 8, 2008). Judge Holwell's dismissals with prejudice constitute final judgments on the

merits and, thus, bar Plaintiff's claims here against Bergquist. *See* Fed. R. Civ. P. 41(b); *Nemaizer*, 793 F.2d at 60–61. Accordingly, the Court dismisses Plaintiff's claims against Bergquist with prejudice.

## iii. Ellis

Plaintiff's claims against Ellis – Plaintiff's sister-in-law and the Special Administrator of Plaintiff's father's estate appointed by the Cumberland County Probate Court in Maine – pertain to a separate conspiracy to deprive Plaintiff of certain property rights, namely the Moose Pond Property. (*See, e.g.*, Compl. ¶¶ 33–38, & 40.) Plaintiff has repeatedly failed to prove these same claims against Ellis on numerous occasions. For example, on September 10, 2007 and October 8, 2008, federal courts in Maine and this District dismissed with prejudice several prior actions against Ellis concerning the disposition of Plaintiff's father's estate with respect to the Moose Pond Property. *See Lipin v. Ellis*, No. 07-92-P-S, 2007 WL 2198876 (D. Me. July 26, 2007), *report and recommendation adopted by* No. CIV. 07-92-P-S, 2007 WL 2701493 (D. Me. Sept. 10, 2007); *Lipin v. Allegaert, Berger & Vogel LLP et al.*, No. 08-cv-6994 (S.D.N.Y. Oct. 8, 2008); *Lipin v. Krainan Real Estate, et al.*, No. 08-cv-7447 (S.D.N.Y. Oct. 8, 2008). These three dismissals with prejudice constitute final judgments on the merits and, thus, bar Plaintiff's claims here against Ellis. *See* Fed. R. Civ. P. 41(b); *Nemaizer*, 793 F.2d at 60–61. Accordingly, the Court dismisses Plaintiff's claims against Ellis with prejudice.

## iv. Allegaert Berger & Vogel LLP

Plaintiff's claims against Allegaert Berger & Vogel LLP – the law firm of Defendant Berger, who served as counsel for some of Plaintiff's adversaries in prior

litigation – also relate to the alleged conspiracy to deprive Plaintiff of her property rights to the Moose Pond Property. (*See, e.g.*, Compl. ¶¶ 33, 35, 40, & 42.) Once again, Plaintiff previously has unsuccessfully brought these very same claims – and variations thereof arising out of the same series of transactions – against Allegaert Berger & Vogel LLP. For example, on October 8, 2008, Judge Holwell dismissed with prejudice a prior action against Allegaert Berger & Vogel LLP concerning the disposition of the Moose Pond Property. *See Lipin v. Allegaert, Berger & Vogel LLP et al.*, No. 08-cv-6994 (S.D.N.Y. Oct. 8, 2008). As before, Judge Holwell's dismissal with prejudice constitutes a final judgment on the merits and, thus, bars Plaintiff's claims here against Allegaert Berger & Vogel LLP. *See* Fed. R. Civ. P. 41(b); *Nemaizer*, 793 F.2d at 60–61. Accordingly, the Court dismisses Plaintiff's claims against Allegaert Berger & Vogel LLP with prejudice.

### v. Bergquist Advokatbyrå AB, Earley, and Berger

In addition to the claims barred by *res judicata* set forth above, Plaintiff brings claims against *non-parties* to the previous actions – Bergquist Advokatbyrå AB, Earley, and Berger – which are also premised on Plaintiff's ownership of the antique coin collection stored in Denmark and the Moose Pond Property. These too are dismissed as they are barred by the doctrine of non-mutual defensive collateral estoppel. *See Parklane Hosiery Co.*, 439 U.S. at 329 (explaining that the doctrine "precludes a plaintiff from relitigating identical issues by merely 'switching adversaries'" (citation omitted)). For example, the Complaint alleges that Berger was part of the conspiracy to sell the Moose Pond Property and that Bergquist Advokatbyrå AB, Earley, and Berger

conspired to sell the antique coin collection. (*See* Compl. ¶¶ 33 & 99.) It is well-established that "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *McCurry*, 449 U.S. at 94 (citation omitted). As set forth above, Plaintiff has been provided several full and fair opportunities to litigate these issues previously, and every court confronted with Plaintiff's claims of ownership of the antique coin collection and the Moose Pond Property has rejected such claims. *See, e.g.*, *Lipin v. Hunt*, 538 F. Supp. 2d 590; *Lipin v. Ellis*, No. 07-92-P-S, 2007 WL 2198876 (D. Me. July 26, 2007), *report and recommendation adopted by* No. CIV. 07-92-P-S, 2007 WL 2701493 (D. Me. Sept. 10, 2007); *Lipin v. Estate of Theodore Lipin*, No. RE-05-145 (Me. Super. Ct. Cumberland Cnty. Oct. 23, 2007). Plaintiff cannot circumvent these rulings by bringing the same claims against new defendants. Accordingly, the Court dismisses with prejudice Plaintiff's claims against Bergquist Advokatbyrå AB, Earley, and Berger premised on Plaintiff's ownership of the antique coin collection stored in Denmark and the Moose Pond Property.

### b. Attorney Misconduct Claims

In her Complaint, Plaintiff also raises various claims of attorney misconduct against Defendants Bergquist, Bergquist Advokatbyrå AB, Earley, Berger, Allegaert Berger & Vogel LLP, and Anesh, alleging that, *inter alia*, these Defendants were part of an elaborate conspiracy to remove previous cases to federal court in 2007 and 2008, they improperly failed to file notices of appearance in state court, and they defamed Plaintiff by seeking sanctions against her in earlier actions. (*See, e.g.*, Compl. ¶¶ 47, 48, 50-52, 65, 91-95, 99,

150–152.)  Plaintiff also attempts to recover treble damages, pursuant to New York Judiciary Law § 487, from several of these attorney Defendants.  (*See, e.g., id.* ¶ 94.) These claims are utterly baseless as a matter of law and must be dismissed.

Under New York law, "statements made by parties, attorneys, and witnesses in the course of a judicial or quasi-judicial proceeding are absolutely privileged, notwithstanding the motive with which they are made, so long as they are material and pertinent to the issue to be resolved in the proceeding." *Officemax Inc. v. Cinotti*, 966 F. Supp. 2d 74, 79 (E.D.N.Y. 2013) (citations and internal quotation marks omitted).    Thus, "allegedly defamatory statements are protected if they may possibly be pertinent to a proceeding."  *Id.* (citations and internal quotation marks omitted).    This "litigation privilege is absolute and has been applied not only to statements made in pleadings and in court, but also to statements made in . . . letters between attorneys and parties . . . [and] during offers of settlement by attorneys." *Id.* (citations and internal quotation marks omitted); *see also Kelly v. Albarino*, 485 F.3d 664, 665 (2d Cir. 2007) (per curiam) (approvingly referring to "the absolute privilege that applies to statements made by participants in judicial proceedings"); *id.* at 666 ("[T]his is the broadest of possible privileges and any matter which, by any possibility, under any circumstances, at any stage of the proceeding, may be or may become material or pertinent is protected by an absolute privilege even though such matter may be ineffectual as a defense."). Additionally, in the absence of an attorney-client relationship, plaintiffs lack standing to bring attorney misconduct claims pursuant to New York Judiciary Law § 487.  *See Rogath v. Koegel*, No. 96-cv-8729 (DAB), 1998 WL 695668, at *4 n.10 (S.D.N.Y. Oct.

6, 1998) ("Having determined that Defendant owed no duty to Plaintiff because Defendant represented Plaintiff's adversary, Plaintiff's . . . claims, for violation of Judiciary Law § 487, interest and attorney's fees, are dismissed because Plaintiff has no standing to bring these claims.").

With respect to Plaintiff's defamation claims, the law is clear that even allegedly defamatory statements made by an attorney in the course of judicial proceedings are absolutely privileged if they "may possibly be" material and pertinent to the proceeding. *Officemax*, 966 F. Supp. 2d at 79.  The alleged conduct here – defamation by virtue of an attorney's motion for sanctions – by definition occurred in the course of judicial proceedings.  Furthermore, given that the attorney statements at issue concerned important matters such as the nature of Plaintiff's conduct, these statements were material and pertinent to such proceedings. *See Kelly*, 485 F.3d at 666 ("[A]ny matter which, by any possibility, under any circumstances, at any stage of the proceeding, may be or may become material or pertinent is protected by an absolute privilege . . . .").

To the extent that Plaintiff's allegations constitute broader claims of attorney misconduct against Defendants Bergquist, Bergquist Advokatbyrå AB, Earley, Berger, Allegaert Berger & Vogel LLP, and Anesh, Plaintiff should have raised these misconduct allegations before the courts in which the allegedly improper conduct occurred.   But even if properly before this Court, Plaintiff's claims of attorney misconduct must fail for the same reason that Plaintiff's defamation claims fail – namely, the attorneys had an absolute privilege to remove the state actions to federal court and pursue sanctions motions. *See id.*; *Officemax*, 966 F. Supp. 2d at 79.

Finally, Plaintiff's attempt to recover treble damages pursuant to New York Judiciary Law § 487 also fails since there is no alleged or actual attorney-client relationship between Plaintiff and any of the Defendants, and, thus, Plaintiff has no standing to bring these § 487 claims. *See Rogath*, 1998 WL 695668, at *4 n.10.

Accordingly, the Court dismisses with prejudice Plaintiff's claims of attorney misconduct against Bergquist, Bergquist Advokatbyrå AB, Earley, Berger, Allegaert Berger & Vogel LLP, and Anesh.

### 3. Claims Against Defendant Hunt

Defendant Hunt has not appeared in this action. Nonetheless, the Second Circuit has observed that district courts, "as courts of first instance, . . . are especially likely to be exposed to frivolous actions, and thus have an even greater need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources. Accordingly, we hold that district courts may dismiss a frivolous complaint *sua sponte* . . . ." *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000) (per curiam).

In her Complaint, Plaintiff alleges, *inter alia*, that Hunt – Defendant Ellis's counsel – committed larceny of the Moose Pond Property (Compl. ¶ 30) and conspired with Ellis, Berger, Allegaert Berger & Vogel LLP, and others "to permanently deprive [P]laintiff of her personal possessions" (*id.* ¶ 40). Plaintiff also accuses Hunt of attorney misconduct for removing some of the previous proceedings involving Plaintiff to federal court, and seeks treble damages pursuant to New York Judiciary Law § 487. (*Id.* ¶¶ 47, 91, & 94).

Plaintiff's allegations against Hunt – like Plaintiff's claims against Danske Bank, Bergquist, Ellis, and Allegaert Berger & Vogel LLP – plainly arise "out of the same transaction or series of transactions" as prior actions against Hunt, which also concerned the disposition of Plaintiff's father's estate. *Giannone*, 548 F.3d at 194. For example, on February 20, 2008 and October 8, 2008, Judge Holwell dismissed with prejudice two prior actions against Hunt. *See Lipin v. Hunt*, 538 F. Supp. 2d 590; *Lipin v. Allegaert, Berger & Vogel LLP et al.*, No. 08-cv-6994 (S.D.N.Y. Oct. 8, 2008). Judge Holwell's dismissals with prejudice are final judgments on the merits and, thus, bar Plaintiff's claims here against Hunt. *See* Fed. R. Civ. P. 41(b); *Nemaizer*, 793 F.2d at 60–61. Additionally, Plaintiff's attorney misconduct claims are meritless because – like Plaintiff's misconduct claims against Bergquist, Bergquist Advokatbyrå AB, Earley, Berger, Allegaert Berger & Vogel LLP, and Anesh – the alleged conduct occurred in the course of judicial proceedings and, thus, is absolutely privileged because it was material and pertinent to the proceedings. *See Officemax*, 966 F. Supp. 2d at 79. Moreover, Plaintiff's attempt to recover treble damages pursuant to New York Judiciary Law § 487 (*see, e.g.*, Compl. ¶ 94) again fails because there is no alleged or actual attorney-client relationship between Plaintiff and Hunt, and, thus, Plaintiff has no standing to bring these § 487 claims. *See Rogath*, 1998 WL 695668, at *4 n.10. Accordingly, the Court dismisses *sua sponte* Plaintiff's claims against Hunt with prejudice.

### B. Sanctions

In addition to their motions to dismiss, all but one of the remaining Defendants have moved for sanctions against Plaintiff, pursuant to Federal Rule of Civil Procedure 11. (Doc. Nos. 67 & 68 (Danske Bank and Earley), 84–86 (Anesh), 72–74 (Bergquist Advokatbyrå AB, Bergquist, Ellis, Berger,

and Allegaert Berger & Vogel LLP).) These Defendants seek both a filing sanction against Plaintiff and monetary sanctions. Although the Court is sympathetic to Defendants' frustrations after many years of frivolous and vexatious litigation, the Court nevertheless denies Defendants' motions.

With respect to Defendants' motions for a filing sanction, the Court denies these motions as moot, since the filing sanction set forth in the Court's September 18, 2014 Order (Doc. No. 107 at 7) – and affirmed by the Second Circuit on November 26, 2014 (Doc. No. 120) – provided the very relief sought by Defendants. Specifically, the September 18, 2014 filing sanction

> expressly enjoins Plaintiff from making any new filings in any forum, federal or state, against any person who encountered or came into contact with Plaintiff in any capacity in federal court litigation – including but not limited to Wolfe and other federal litigants, their respective counsel, and any court personnel – concerning claims or factual allegations that Plaintiff asserts in this action or in the related Danske Bank Actions, or based on any filing or order issued in those cases or any other action taken in those cases, without first obtaining leave of this Court. The Court further orders that Plaintiff must provide a copy of this filing injunction to any person acting on her behalf with regard to litigation covered by the injunction, including but not limited to any process servers retained by Plaintiff in connection with such litigation.

(Doc. No. 107 at 7.)

With respect to Defendants' motions for monetary sanctions, the Court also denies these motions. Federal Rule of Civil Procedure 11(c)(4) requires that "[a] sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." The Second Circuit has instructed that "the principal objective of the imposition of Rule 11 sanctions is not compensation of the victimized party but rather the deterrence of baseless filings and the curbing of abuses . . . ." *Caisse Nationale de Credit Agricole-CNCA, New York Branch v. Valcorp, Inc.*, 28 F.3d 259, 266 (2d Cir. 1994) (citations omitted). The Court is certainly mindful of the hardships that Plaintiff has imposed on Defendants with her onslaught of frivolous filings. However, in light of the purpose of Rule 11 sanctions, the Court finds that the imposition of the September 18, 2014 filing sanction enjoining Plaintiff from further related litigation, coupled with Judge Holwell's observation that "monetary penalties have obviously proven ineffective in the past," lead the Court to conclude that monetary sanctions here "are neither necessary nor sufficient 'to deter repetition of the conduct.'" *Lipin v. Hunt*, 573 F. Supp. 2d at 846 (quoting Fed. R. Civ. P. 11(c)(4)). Indeed, the Court harbors concerns that the imposition of monetary sanctions in this action would serve only to prolong this litigation and give rise to more and lengthier submissions by Plaintiff.

However, having considered Defendant Anesh's request that a violation of the Court's filing injunction result in Plaintiff being held in civil contempt (Doc. No. 86 at 8), the Court hereby issues Plaintiff a final warning. The Court is empowered by statute to "punish by fine or imprisonment, or both, at its discretion, such contempt of its      authority . . . as . . . [d]isobedience or

resistance to its lawful writ, process, order, rule, decree, or command." 18 U.S.C. § 401; *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) ("[I]t is firmly established that the power to punish for contempt[] is inherent in all courts." (citation and internal quotation marks omitted)). Where, as set forth here, "contempt is imposed for the coercive or remedial purpose of compelling obedience to a court order and providing compensation or relief to the complaining party, the contempt is civil in nature." *Hess v. N.J. Transit Rail Operations, Inc.*, 846 F.2d 114, 115 (2d Cir. 1988). The Court may hold a party in civil contempt for noncompliance with an order "only if [(1)] the order is clear and unambiguous, [(2)] the proof of noncompliance is clear and convincing, and [(3)] the [party to be sanctioned] has not been reasonably diligent and energetic in attempting to accomplish what was ordered." *Powell v. Ward*, 643 F.2d 924, 931 (2d Cir. 1981) (citations and internal quotation marks omitted).

Accordingly, Plaintiff is advised that she will immediately be held in civil contempt if she violates the filing injunction in the Court's September 18, 2014 Order. That is, the Court will hold Plaintiff in civil contempt if she makes any new filings in any forum, federal or state, against any person who encountered or came into contact with her in any capacity in federal court litigation – including but not limited to the named Defendants in this action, their respective counsel, and any court personnel – concerning claims or factual allegations that Plaintiff asserts in this action or in the related Danske Bank Actions, or based on any filing or order issued in those cases or any other action taken in those cases, without first obtaining leave of this Court. The Court reiterates that, pursuant to the Court's September 18, 2014 Order, Plaintiff

must provide a copy of the filing injunction to any person acting on her behalf with regard to litigation covered by the injunction, including but not limited to any process servers retained by Plaintiff in connection with such litigation. If Plaintiff fails to comply with this Court's Order, Plaintiff will be held in contempt and punished by fine, or more likely, given the failure of monetary penalties to compel compliance in the past, by imprisonment. There will be no further warnings or accommodations made in this regard.

## III. CONCLUSION

Plaintiff's *modus operandi* is clear: she litigates variations of the same meritless claims against an ever-growing group of defendants over and over. Once Plaintiff receives the inevitably unfavorable decision, she simply brings the lawsuit again, adding lawyers, judges, and court clerks as defendants. This Court has depleted too many resources parsing Plaintiff's voluminous and garbled filings and has issued a bevy of orders in Plaintiff's cases. A cursory review of Plaintiff's litigation history reveals that the parties have spent innumerable hours defending against – and the courts have spent countless hours resolving – Plaintiff's litany of frivolous lawsuits concerning her father's estate. Although Plaintiff's claims are consistently adjudicated against her, she has succeeded in usurping the courts to harass numerous defendants. Enough is enough.

Accordingly, IT IS HEREBY ORDERED THAT Plaintiff's remaining claims against all Defendants are dismissed in their entirety with prejudice. IT IS FURTHER ORDERED THAT Defendants' motions for sanctions are denied, without prejudice to renewal in the event that Plaintiff fails to comply with this Order.

The Clerk of the Court is respectfully directed to terminate the motions pending at docket entries 32, 37, 42, 67, 72, and 84, and to close this case.

SO ORDERED.

RICHARD J. SULLIVAN
United States District Judge

Dated: March 20, 2015
        New York, New York

*        *        *

Plaintiff is proceeding *pro se*.

Counsel for Defendant David E. Hunt has not filed a notice of appearance. Defendant Danske Bank is represented by Francis J. Earley of Mintz Levin Cohn Ferris Glovsky & Popeo, P.C., 666 Third Avenue, New York, New York 10017. Defendants Bergquist Advokatbyrå AB, Ulf Bergquist, Evelyn F. Ellis, and Allegaert Berger & Vogel LLP are represented by David A. Berger of Allegaert Berger & Vogel LLP, 111 Broadway, 20th Floor, New York, New York 10006.    Defendants Francis J. Earley, David A. Berger, and Mark K. Anesh are proceeding *pro se*.

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-20-15

14

<u>A copy of this Opinion and Order was sent
to</u>:

Joan C. Lipin
45 East 89th Street
Apartment 14G
New York, New York 10128